8407

NORTH RIVER INSURANCE CO. v. SOUTHERN RY. CO.

1. RAILROADS—COMMUNICATED FIRES—INSURANCE—ISSUES.—Where there is evidence from which a jury might infer that a fire occurred in a work train by the negligence of an agent of the railroad company and was communicated to property on which the insurance company was carrying insurance, verdict should not be directed for the railroad company in suit by insurance company against railroad company for damages for burning the property.

2. ISSUES.—That plaintiff introduced incompetent evidence would not warrant taking the issue from the jury.

Before GAGE, J., Union, February term, 1912. Reversed.

Action by North River Insurance Company and Globe and Rutgers Fire Insurance Company against Southern Railway Company. Plaintiff appeals on following exceptions:

1. "It is respectfully submitted that his Honor, the presiding Judge, erred in holding and ruling that this action is barred by the statute of limitations. The fire having occurred on the night of the 22d October, 1904, the six (6) years within which the action could be brought, did not expire until the night of the 22d October, 1910, and the summons was served by the sheriff on the defendant on the 22d day of October, 1910.

2. "It is respectfully submitted that his Honor, the presiding Judge, erred in sustaining the objection of defendant's counsel to the questions of plaintiffs' counsel asked of the witness, William McClurken, as to the condition of Ayers, the subforeman of defendant, when reached by the witness or when removed from the burning car, to wit: 'Coming to this point: What was his condition if you could tell when you got to him?' and 'William, what did you detect from his condition, when you saw him there as to

whether or not he was drunk?' To both of which rulings, and others to the same effect, plaintiffs' counsel then and there excepted; whereas, the plaintiffs contend that the testimony was admissible and competent especially under the charge of carelessness and negligence in the second cause of action.

3. "It is respectfully submitted that his Honor, the presiding Judge, erred in finding and holding 'that there is no evidence of negligence on the part of the defendant, its authorized agents or servants;' whereas, there were at least three facts supporting or tending to support the charge of carelessness or negligence alleged as the second cause of action, to wit: (1) the condition of the subforeman, Ayers; (2) the kind of lamp used; and, (3) the careless placing of the cook car for the night and over Sunday on the sidetrack in dangerous proximity to the lumber shed of the assured, covered by plaintiffs' policies. At least the testimony raised in issue which should have been submitted to the jury under proper instructions as to the law.

4. "It is respectfully submitted that his Honor, the presiding Judge, erred in finding and holding 'that it was conjectural as to how the fire started,' as there being some evidence, the cause or origin was the vital question for the sole consideration of the jury, to be submitted under proper instructions.

5. "It is respectfully submitted that his Honor, the presiding Judge, erred in directing the jury to find a verdict for the defendant."

The defendant asks the judgment sustained on the following additional grounds:

1. "Because the Court erred in allowing witness, McNally, to testify as to the value of the property destroyed by the alleged fire, when his knowledge or information, was derived entirely upon information received by him from the bookkeeper, one McCormick.

2. "In allowing in evidence proof of loss by Alderman & Sons Company upon their alleged policies, without the testimony of the person who made the proof of loss being given in Court.

3. "In allowing the plaintiffs to introduce papers purporting to contain the alleged proof of loss by D. W. Alderman & Sons Company without evidence showing that this proof of loss was actually made by some person authorized to make it.

4. "In allowing in evidence this proof of loss when the evidence shows that it was taken from books kept by one McCormick, there being no evidence to show that the books were correctly kept, nor was there any evidence showing that said books were lost and no evidence being introduced showing said entries on such books.

5. "Because his Honor should have held that Ayers was not the authorized agent of the defendant at the time the fire originated, but on the contrary, should have held that at the time said fire originated Ayers was off duty and was not then the authorized agent of the defendant company, for whose act the defendant could be held responsible at the time the fire originated."

*Messrs. Jno. T. Seibels* and *J. A. Sawyer,* for appellants, cite: *When did cause of action accrue?* 25 Cyc. 1065, 1791; 19 Ency. 193; 1 Strob. Eq. 94; 1 Words and Phrases 101; 38 Cyc. 316, 317; 2 Hilton 404; 28 Ency. 211; 6 S. C. 390.

*Messrs. Sanders & DePass,* contra, cite: *Master is not responsible to a third person for an act of servant off duty:* 26 Cyc. 1337; 47 Am. R. 793; 54 C. C. A. 265; 82 C. C. A. 65. *Accrual of cause of action:* Rice 245.

January 10, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action by the insurance company to recover of the railroad company for property burned on the right of way of the defendant, caused by the negligence of a servant of the defendant. The case was tried by his Honor, Judge Gage, who directed a verdict in favor of the defendant.

There are five exceptions by the appellant and this Court is asked to sustain the judgment on five additional grounds.

(Let the exceptions and the additional grounds be reported.)

It will not be necessary to consider either separately as a better statement of the case can be made that will cover them all.

There was testimony that the defendant placed its work train on a sidetrack at Union, S. C., near some buildings and a lumber yard. That the train consisted of cars in which employees slept at night and a cook car for the preparation of meals for the employees. That between eleven and twelve o'clock on the night of the 22d of October, 1904, fire was discovered in one of the sleeeping cars. The suit was commenced on the 22d October, 1910. It appears that the fire that commenced on the 22d October, 1904, was communicated to the property over which the plaintiff had a policy of insurance. How long it took to reach insured property does not appear. It is the policy of the law to hear causes fully on their merits and not to dismiss them unheard and he who claims that a cause can not be heard, must show the facts upon which he would send a claimant out of Court unheard.

It is claimed that Ayers, in whose car the fire was discovered, was not the agent of the defendant for whose acts the defendant is liable. There was some testimony from which it might have been inferred that Ayers was a subforeman, and, inasmuch as Pope, the foreman, was absent, that Ayers was acting foreman and in the car provided for one

in charge of the train in order that he might be easily accessible, in case of emergency.

There was conflict of testimony as to whether Ayers was in charge of the train and that conflict ought to have been determined by a jury. As to the cause of the fire: the evidence was circumstantial, but not conjectural in the sense that it was a mere guess. A lamp with a narrow base made to sit in a bracket was out of its socket and standing upon a table. A man who acts in a rather peculiar way is found in the car in which the fire originated. There is a strong odor of kerosene oil and the bed is on fire, when first discovered. The origin of the fire is more than a conjecture. The man's condition was a legitimate subject of inquiry, and if he were not in a normal condition, the jury might well have arrived at as good a conclusion as circumstantial evidence will allow. Now, if the jury thought that this man was the agent of the company, acting foreman, they might have found for the plaintiff. All these matters were matters for the jury and the direction of a verdict was error.

The defendant seeks to sustain the direction of the verdict on the ground that certain evidence introduced by the plaintiff was incompetent. Even if it were incompetent, it could not sustain the direction of the verdict, but only give a right to a new trial in case the defendant had lost.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

Mr. Justice Hydrick *disqualified.*